**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD STEPHEN BOUTTE, | No. 12-17459 |
| Petitioner - Appellee, | D.C. No. 2:07-cv-01508-AK |
| v. | |
| MARTIN D. BITER; KAMALA D. HARRIS, Attorney General, | MEMORANDUM[*] |
| Respondents - Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Alex Kozinski, Chief Judge,[**] Presiding

Argued and Submitted February 11, 2014
San Francisco, California

Before: O'SCANNLAIN and MURGUIA, Circuit Judges, and ADELMAN, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Alex Kozinski, Chief Judge of the U.S. Court of Appeals for the Ninth Circuit, sitting by designation.

[***]     The Honorable Lynn S. Adelman, District Judge for the U.S. District Court for the Eastern District of Wisconsin, sitting by designation.

Respondents Martin D. Biter and Kamala D. Harris appeal from the district court's grant of Donald Stephen Boutte's motion for summary judgment, which conditionally granted his petition for a writ of habeas corpus. The district court granted relief based on Boutte's ineffective assistance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668 (1984).

## I

The parties dispute whether the Anti-Terrorism and Effective Death Penalty Act's (AEDPA) deferential standard of review applies to the state court's decision. *See* 28 U.S.C. § 2254(d)(1)–(2). The district court held that it did not and reviewed Boutte's claim *de novo*. "[A] habeas petitioner will not be entitled to a writ of habeas corpus [under AEDPA] if his or her claim is rejected on *de novo* review." *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010). Because we conclude that Boutte is not entitled to relief under *de novo* review, we need not decide whether AEDPA's standard of review applies.

## II

In reaching its decision, the district court relied primarily on three pieces of evidence that Boutte's counsel did not present at trial.

## A

As to the 1992 police report detailing the victim's intentional drug overdose, such evidence is cumulative with that presented to the jury at trial. *Matylinsky v. Budge*, 577 F.3d 1083, 1097 (9th Cir. 2009) (holding that a habeas petitioner "cannot show prejudice for failure to present what is most likely cumulative evidence"). The victim admitted under cross-examination that she has "a chemical disorder of major depression" and that she took prescription medications. Moreover, the report in question was a decade old by the time of the trial, and Boutte has offered no evidence that the victim has experienced a similarly traumatic episode since then. "[T]he absence of evidence that was cumulative of what had already been presented . . . does not undermine our confidence in the outcome." *Bible v. Ryan*, 571 F.3d 860, 872 (9th Cir. 2009).

B

Like the 1992 police report, the 2000 personnel report regarding the victim's employment suspension from Beale Air Force Base is cumulative. *Id.* Additionally, the description of the victim's behavior in the report is relatively benign. The district court reasoned that the report could have served as the basis for cross-examination regarding the victim's suspension, but aside from Boutte's own statements, there is no evidence that the victim said or did anything beyond what is contained in the personnel report. Boutte does not contend he would have

3

testified at trial had the personnel report been introduced into evidence, and he cannot rely on speculation about what possible, unnamed witnesses might have said to show prejudice. *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997).

C

Finally, the 1993 police report regarding the victim's daughter contains only an unsubstantiated, almost-decade-old allegation in which the alleged victim neither appeared injured nor pressed charges. Such evidence is not sufficient to "undermine confidence in the outcome [of the trial]." *Strickland*, 446 U.S. at 694.

**REVERSED and REMANDED with instructions to deny the petition for writ of habeas corpus.**