Jorge MORALES, Petitioner,

v.

K. HOLLAND, Warden, Respondent.

Case No. CV 15–2484 ODW (MRW)

United States District Court, C.D. California.

Signed November 25, 2015

Jorge Morales, Tehachapi, CA, pro se.

Herbert S. Tetef, Jason C. Tran, Lance E. Winters, Susan S. Kim, Taylor T. Nguyen, CAAG—Office of the Attorney General, Los Angeles, CA, for Respondent.

## ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

HON. OTIS D. WRIGHT II, UNITED STATES DISTRICT JUDGE

Pursuant to 28 U.S.C. § 636, the Court reviewed the petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge. Petitioner did not file any written objections to the report. The Court accepts the findings and recommendation of the Magistrate Judge.

IT IS ORDERED that Judgment be entered denying the petition and dismissing this action with prejudice.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HON. MICHAEL R. WILNER, UNITED STATES MAGISTRATE JUDGE

This Report and Recommendation is submitted to the Honorable Otis D. Wright

II, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I. SUMMARY OF RECOMMENDA-TION

This is a habeas action involving a prisoner in state custody. A jury convicted Petitioner of molesting two children. On habeas review, Petitioner raises several cursory and superficially-pled claims of ineffective assistance of counsel (IAC) by his trial and appellate lawyers.

However, the state court decision denying Petitioner's claims was neither contrary to, nor an unreasonable application of, clearly established federal law. As a result, the Court recommends that the petition be denied.

## II. FACTS AND PROCEDURAL HIS-TORY

Petitioner was convicted of sexually molesting two young relatives (nine and thirteen years old at the time of trial) over the course of several years. The jury heard testimony from the victims, their mothers, and a sheriff's deputy regarding the conduct. The prosecution also presented evidence that Petitioner previously molested another child. (Lodgment # 6 at 2–4.)

The jury convicted Petitioner of several sex-related crimes. The trial court sentenced Petitioner to thirty years to life in prison. The state appellate court affirmed the conviction and sentence on direct appeal. (Lodgment # 6.) Petitioner did not seek review from the state supreme court. Instead, Petitioner raised his pending IAC claims in habeas petitions in the state superior, appellate, and supreme courts, all of which were denied without a reasoned decision. (Lodgment # 7–12.) This federal action followed.

## III. DISCUSSION

### A. Standard of Review Under AED-PA

Petitioner's claims are subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, federal courts may grant habeas relief to a state prisoner "with respect to any claim that was adjudicated on the merits in State court proceedings" only if that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

 In a habeas action, this Court generally reviews the reasonableness of the state court's last reasoned decision on a prisoner's claims. *Murray v. Schriro*, 746 F.3d 418, 441 (9th Cir.2014); *Harrington v. Richter*, 562 U.S. 86, 99, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). Here, however, the state courts denied Petitioner's claims without explanation.[1] (Lodgment

---

1. The superior court denied the petition on a procedural ground because Petitioner failed to raise his IAC claims on direct appeal. (Lodgment # 8.) However, the appellate court denied Petitioner's later habeas petition after the court 'read and considered' it. (Lodgment # 10.) The appellate court's express statement that it read and considered the petition—rather than adopting the procedural reason expressed in the lower court—strongly suggests that the appellate court reached the merits of Petitioner's claims. The supreme court's subsequent silent denial also constitutes a decision on the merits, meaning that AEDPA deference is appropriate here. *Richter*, 562 U.S. at 99, 131 S.Ct. 770;

# 8, 10, 12.) The Court presumes that the state supreme court's decision was on the merits of Petitioner's claims. *Richter*, 562 U.S. at 99, 131 S.Ct. 770. Because the state court's decision was "unaccompanied by an explanation" of its reasoning, AEDPA requires the Court to perform an "independent review of the record" to determine "whether the state court's decision was objectively unreasonable." *Id.* at 98, 131 S.Ct. 770. When the state court does not explain the basis for its rejection of a prisoner's claim, a federal habeas court "must determine what arguments or theories [ ] could have supported the state court's decision" in evaluating its reasonableness. *Id.* at 102, 131 S.Ct. 770.

■■■ Overall, AEDPA presents "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, — U.S. ——, 134 S.Ct. 10, 16, 187 L.Ed.2d 348 (2013). On habeas review, AEDPA places on a prisoner the burden to show that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement" among "fairminded jurists." *Richter*, 562 U.S. at 101, 103, 131 S.Ct. 770. Federal habeas corpus review therefore serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102, 131 S.Ct. 770.

## B. *IAC Claims*

Petitioner contends that his trial and appellate attorneys were unconstitutionally ineffective at various stages of the proceedings.

### 1. *Relevant Federal Law*

To establish an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "a defendant must show both deficient performance by counsel and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 112, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009). A criminal defendant "bears the burden of overcoming the strong presumption" that a lawyer provided adequate representation. *Cheney v. Washington*, 614 F.3d 987, 994 (9th Cir. 2010). "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir.2002).

Deficient performance is defined as representation that falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052. However, a trial lawyer is "strongly presumed to have rendered adequate assistance," and should not have a reviewing court "second-guess counsel's assistance." *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011). As to prejudice, a challenger must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Padilla v. Kentucky*, 559 U.S. 356, 366, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) (quotation omitted). Put another way, a litigant must show that there was a

---

*Johnson v. Williams*, — U.S. ——, 133 S.Ct. 1088, 1096, 185 L.Ed.2d 105 (2013) (state court's silent denial is presumptively on the merits of a constitutional claim, which warrants deferential AEDPA review).

Moreover, the Court recognizes the Attorney General's candid admission that the state superior court did not correctly identify a legitimate procedural basis for rejecting Petitioner's claim on habeas review. (Docket # 19 at 7.) That provides a further reason to conclude that the higher courts reached the merits of Petitioner's claims here. Notably, Petitioner does not argue that a different standard of review applies to this action.

"substantial likelihood of a different result, as opposed to a mere conceivable possibility," based on the lawyer's performance that is "sufficient to undermine confidence in the outcome" of the trial. *Boyer v. Chappell,* 793 F.3d 1092, 1104 (9th Cir. 2015) (quotation omitted).

■ A cursory and vague claim of ineffective assistance is insufficient to establish a *Strickland* violation. *James v. Borg,* 24 F.3d 20, 26 (9th Cir.1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief"). A claim regarding potential witnesses that is "not supported by a statement of specific facts" cannot warrant habeas relief. *Greenway v. Schriro,* 653 F.3d 790, 804 (9th Cir.2011) (quoting *James*). Rather, a prisoner must generally provide an affidavit from a potential witness showing that the witness would have provided testimony helpful to the defense. *Dows v. Wood,* 211 F.3d 480, 486–87 (9th Cir.2000); *Gentry v. Sinclair,* 705 F.3d 884, 900 (9th Cir.2013) (prisoner presented "no evidence to indicate why the failure" of lawyer to take action was unreasonable). "Speculation" about what a witness "could have said is not enough" to establish that an attorney provided ineffective assistance or that a defendant was prejudiced. *Grisby v. Blodgett,* 130 F.3d 365, 373 (9th Cir.1997); *Boutte v. Biter,* 556 Fed.Appx. 623, 625 (9th Cir.2014) (defendant "cannot rely on speculation about what possible, unnamed witnesses might have said").

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla,* 559 U.S. at 371, 130 S.Ct. 1473. Establishing that a state court's application of *Strickland* was unreasonable under AEDPA "is all the more difficult." *Richter,* 562 U.S. at 105, 131 S.Ct. 770. The standards created by *Strickland* and Section 2254(d) are both "highly deferential"; when the two apply

in tandem, "review is doubly so." *Id.* (quotation omitted).

## 2. *Decision Not to Testify (Ground One)*

■ Petitioner claims his trial attorney rendered ineffective assistance by depriving him of the right to testify. (Docket #1 at 5, 104–06; Docket #22 at 1–3.) Petitioner contends that he told his attorney before and during trial about his "wish to testify." Petitioner claims that his lawyer and the court's interpreter falsely told the trial judge after the close of the prosecution's case that Petitioner did not want to testify. (Lodgment #2, RT at 97.)

Petitioner's cursory claim cannot lead to relief. Petitioner offers no evidence—no declaration from the lawyer, the interpreter, or any other witness—to show that he actually intended to testify at trial, or that the lawyer and interpreter misinformed the judge. Petitioner claims that he just "discovered" this issue when he reviewed the transcript of his trial and his colloquy with the court well after his conviction. However, nothing in the presentation to the evidence, discussions with the court, or in closing arguments (all of which Petitioner obviously attended in real time during the trial) suggests that Petitioner truly intended to testify in his defense. The state courts could certainly have concluded that this claim of deficient performance was too thinly pled to lead to habeas relief. *Richter,* 562 U.S. at 103, 131 S.Ct. 770; *James,* 24 F.3d at 26; *Greenway,* 653 F.3d at 804.

Further, although Petitioner now suggests that he would have denied inappropriate contact with the children had he testified, that testimony would have been contravened by his admissions of guilt to the police and the other considerable evidence of his sexual misconduct. (Docket #19 at 13.) The state court could reasonable have concluded that Petitioner's after-

the-fact desire to have testified in his defense was insufficient to "undermine confidence in the outcome" of the trial. *Boyer*, 793 F.3d at 1104. The state court could have denied relief on the basis that Petitioner failed to demonstrate prejudice as a result of any poor performance by the lawyer. *Medley v. Runnels*, 506 F.3d 857, 861–62 (9th Cir.2007) ("our review of the record convinces us that the testimony Medley wished to give would not have affected the outcome of the trial. Accordingly, Medley has failed to prove that the alleged IAC was prejudicial with respect to his murder conviction, and he is not entitled to relief on this issue.") Consequently, the state court's decision was not objectively unreasonable. *Richter*, 562 U.S. at 98, 102, 131 S.Ct. 770.

### 3. *Failure to Challenge Amended Charges (Ground Two)*

 Petitioner contends that his trial lawyer was ineffective for failing to challenge amendments to the information charging various sexual offenses. (Docket # 1 at 5–6, 107–10; # 22 at 3–6.)

At issue were the prosecution's efforts to have the charges in the case conform to the evidence presented at the preliminary hearing and at trial. The upshot of the changes was to reduce and redenominate the lewd act and continuous sexual abuse charges under state law. (Docket # 19 at 14.) However, Petitioner makes no showing that the prosecutor added additional *events* of sexual misconduct for which the defense was unprepared. As a result, Petitioner did not demonstrate that he and his lawyer were unfairly denied the opportunity to defend the redenominated charges. *Sheppard v. Rees*, 909 F.2d 1234,

1236 n. 2 (9th Cir.1989) (adequate notice of nature of criminal charges from preliminary hearing testimony and criminal complaint); *Morrison v. Estelle*, 981 F.2d 425, 428 (9th Cir.1992) (trial testimony can provide "constitutionally adequate notice" of case). Moreover, the defense lawyer did object (albeit unsuccessfully) to some of the changes to the charges.

Petitioner again fails to convincingly demonstrate that his lawyer was deficient in his performance or that Petitioner was prejudiced as a result. The ministerial modifications to the criminal charges did not prejudice the defense. Petitioner has not established that any failure by his lawyer to address these changes materially impacted his case. *Padilla*, 559 U.S. at 366, 130 S.Ct. 1473. On doubly-deferential review, this Court cannot conclude that the state appellate unreasonably applied *Strickland* here.[2]

### 4. *Ineffective Assistance by Appellate Lawyer (Ground Three)*

 Petitioner contends that his appellate lawyer was ineffective for failing to raise these issues on direct appeal. (Docket # 1 at 6, 111–13; Docket # 22 at 12–13.) Ineffective assistance by an appellate lawyer is measured by the same *Strickland* criteria discussed above. *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir.2002). An appellate attorney is not required to raise "every colorable" or "nonfrivolous issue" on appeal. *Jones v. Barnes*, 463 U.S. 745, 750–52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Rather, the "weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy." *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir.1989).

---

**2.** Petitioner also makes a cursory claim that his lawyer failed to properly address some unidentified prosecutorial misconduct during closing arguments. (Docket # 22 at 6.) This claim is far too vague to lead to habeas relief.

It surely falls far short of demonstrating that the government engaged in conduct that was "devastating to the defendant" at trial. *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986).

An appellate lawyer does not act unreasonably in failing to raise a meritless claim, nor will a criminal defendant be prejudiced by that omission. *Moormann v. Ryan,* 628 F.3d 1102, 1107 (9th Cir.2010).

The Court summarily recommends denial of this claim. Petitioner's appellate lawyer could certainly have concluded that there was no merit to the Petitioner's thin claims against his trial lawyer. If so, then the appellate lawyer could not have been ineffective in a manner that prejudiced Petitioner. *Moormann,* 628 F.3d at 1107. The state court did not act unreasonably in denying relief on this derivative IAC claim.

### 5. *Failure to Present Mitigating Evidence (Ground Five)*

■ Petitioner argues his lawyer was deficient for failing to present any mitigating evidence on his behalf at sentencing. (Docket # 1 at 6, 122–24; Docket # 22 at 7–8.) However, Petitioner identified *no* such evidence that his lawyer could reasonably have discovered or how it would have helped Petitioner during trial or at sentencing. *Grisby,* 130 F.3d at 373.

This claim is utterly cursory and cannot lead to relief. *James,* 24 F.3d at 26; *Greenway,* 653 F.3d at 804. As the Supreme Court recently stated, there can be no viable claim of ineffective assistance when "there is no reason to believe that a diligent search would even have discovered" any mitigating evidence. *Maryland v. Kulbicki,* 577 U.S. ——, 136 S.Ct. 2, 4–5, —— L.Ed.2d —— (2015). Petitioner's failure to identify what helpful evidence actually existed or its potential impact on his case dooms this speculative claim.

### 6. *Cruel and Unusual Challenge to Sentence (Ground Four)*

■ Petitioner received mandatory life sentences under California's "One Strike" sentencing law for molesting the two children. (Cal. Penal C. § 667.61(e).) Petitioner claims that his trial attorney improperly failed to challenge his prison sentence.[3] (Docket # 1 at 6, 114–21.)

Petitioner fails to cogently explain the basis of his constitutional claim or to point out how his lawyer provided unconstitutionally poor performance on this issue. The Attorney General provides ample legal authority for the principle that California's One Strike sentencing scheme does not violate the Eighth Amendment's prohibition on cruel and unusual sentences. (Docket # 19 at 22–24.) Federal courts uniformly reach the same conclusion in cases involving sexual offenses against children. *See, e.g., Norris v. Morgan,* 622 F.3d 1276, 1280–96 (9th Cir.2010) (rejecting Eighth Amendment challenge to a life sentence); *Villanueva v. Frauenheim,* No. SA CV 13–01285 MWF (VBK), 2014 WL 4245914 at *7–11 (C.D.Cal.2014) (sixty years to life for kissing multiple victims was not cruel and unusual); *Simental v. McEwan,* No. ED CV 11–1502 DMG (OP), 2014 WL 360191 at *14 (C.D.Cal.2014) (three consecutive sentences of fifteen years to life for acts of child molestation involving two victims was not cruel and unusual); *Gomez v. Grounds,* No. ED CV 10–1798 DDP (JCG), 2011 WL 7971891 at *5–6 (C.D.Cal.2011) (thirty years to life for committing lewd acts on multiple victims was not cruel and unusual).

A jury found that Petitioner abused two different young relatives over an extended

---

**3.** The Court observes that the state appellate court affirmed Petitioner's sentence on direct appeal on state statutory grounds. (Lodgment # 6.) The state court found no error in the application of the "multiple victim" enhancement when the jury found guilty of molesting two girls, although the charges denominated at sentencing referred to the same child.

period of time. The appellate court affirmed the 30–years–to–life sentence under state law. Petitioner offers no basis to conclude that his lawyer could have plausibly brought a legitimate federal constitutional challenge to his sentence that would reasonably have led to relief here. Because of this, the state courts did not unreasonably conclude that Petitioner failed to establish that his lawyer was ineffective. The Court concludes that Petitioner cannot get over the "formidable barrier" for habeas relief in this case. *Burt,* 134 S.Ct. at 16.

## IV. *CONCLUSION*

IT IS THEREFORE RECOMMENDED that the District Judge issue an order: (1) accepting the findings and recommendations in this Report; (2) directing that judgment be entered denying the Petition; and (3) dismissing the action with prejudice.

Dated: October 15, 2015